# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-2059

_____

Craig E. Dudley; Bryant Ewell;     *
Tolbert Pratt; Gene E. Dudley,        *
                                      *

        Appellants,           *

                                        *   Appeal from the United States
      v.                       *   District Court for the Eastern
                                        *   District of Missouri.
Hammond Sheet Metal Company,     *
doing business as Hammond          *         [UNPUBLISHED]
Distributing Company,              *
                                        *

        Appellee.            *

_____

Submitted: April 6, 2001

Filed: April 23, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

In this action alleging discrimination and state law claims, Hammond Sheet Metal Company moved to compel the enforcement of a settlement agreement that it alleged it had reached with appellants. The district court[1] held an evidentiary hearing.

_____

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by

After listening to extensive testimony from Hammond's attorney, the sole witness, and receiving into the record documentary evidence submitted by both sides, the court concluded that a settlement agreement existed and that appellants failed to disprove their attorney's authority to settle on their behalf. This appeal followed, and we affirm.

Upon a thorough review of the record before us, including the transcript of the evidentiary hearing held below, we cannot say that the court clearly erred in finding that a valid settlement agreement existed and that appellants had authorized their attorney to settle according to the terms of the orally reached settlement agreement at issue. See Mueller v. Guardian Life Ins. Co., 143 F.3d 414, 416 (8th Cir. 1998) (district court's finding that plaintiff had given his attorney express authority to settle case was not clearly erroneous in light of court's credibility determinations, evidence supporting its findings, and reasonable inferences drawn from evidence); Turner v. Burlington N. R.R. Co., 771 F.2d 341, 345-46 (8th Cir. 1985) ("Once it is shown that an attorney has entered into an agreement to settle a case, a party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given."); Worthy v. McKesson Corp., 756 F.2d 1370, 1371-73 (8th Cir. 1985) (per curiam) (fact that parties left some details for counsel to work out during later negotiations cannot be used to abrogate otherwise valid settlement agreement, which was reached orally prior to preparation of formal settlement documents).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

consent of the parties pursuant to 28 U.S.C. § 636(c).